IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ABDULLAH MATTOCKS
    Plaintiff,

v.                                          CASE NO.: 3:22-cv-1951

RACHEL THOMPSON, LSCI ALLENWOOD
WARDEN; RYAN WOLFE, LIEUTENANT AT
LSCI ALLENWOOD; ALAN HARTMAN,
LIEUTENANT AT LSCI ALLENWOOD;
BUREAU OF PRISONS
    Defendants.

COMPLAINT UNDER BIVENS WITH JURY DEMAND

COMES NOW, Abdullah Mattocks # 23230-016, Plaintiff pro se, who presents the following civil-rights complaint and claim for compensatory and declaratory relief as follows:

## I. INTRODUCTION

1. This action places before the Court a lawsuit involving the administration of the Federal Correctional Institution Allenwood Low ("ALF LSCI"), (a prison facility of the Federal Bureau of Prisons, charged with the custody and control of approximately 1200 inmates.)

2. This complaint alleged that on February 20, 2021, the BOP under the supervision of the Defendants created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom and exhibited deliberate indifference by failing to act on information indicating that unconstitutional acts were occurring, resulting in the violation of Plaintiff's Eighth Amendment Rights.

BIVENS COMPLAINT

Page 1

## II. PARTIES

PLAINTIFF:

3. Abdullah Mattocks # 23230-016 ("Plaintiff"), is presently serving a prison sentence in the custody of the ALF LSCI. At all times relevant to this action, Plaintiff was housed at ALF LSCI, P.O. Box 1000 White Deer, PA. 17887, where Plaintiff is currently incarcerated.

DEFENDANTS:

4. Defendant Rachel Thompson ("Warden Thompson") at all time relevant to this action was/is employed as Warden of the ALF LSCI, P.O. Box 1000, White Deer, Pa. 17887, charged with the custody and the care of Plaintiff. Warden Thompson is the facility's highest authority responsible for the appointment, employment, and oversight of facility staff, and oversight of facility operations generally, and is the final appellate authority over inmate institution grievances and concerns. At all times relevant to this complaint. Warden Thompson acted under the color of federal law. She is hereby being sued in her official capacity for those acts and omissions described fully below.

5. Defendant Ryan Wolfe ("Lt. Wolfe") at all time relevant to this action was/is employed as Lieutenant of ALF LSCI, P.O Box 1000, White Deer, Pa. 17887, charged with the custody and care of Plaintiff. Lt. Wolfe is one of the facility's supervisory authority, responsible for day to day operation of the facility, inmate safety and security, and the supervisor officer of the correctional officers on duty. At all times relevant to this complaint, Lt. Wolfe acted under the color of federal law. He is hereby sued in his individual as well as official capacity, jointly and severally for those acts and omissions described fully below.

6. Defendant Alan Hartman ("Lt. Hartman") at all time relevant to this action was/is employed as Lieutenant of ALF LSCI, P.O. Box 1000, White Deer, Pa. 17887, charged with the custody and care of Plaintiff. Lt. Hartman is one of he facility supervisory authority and head of the operation on the said day, responsible for day to day operation of the facility, inmate security and safety, and the supervisor officer of he correctional officers on duty. At all times relevant to this complaint, Lt. Hartman acted under the color of federal law. He is hereby sued in his individual as well as official capacity, jointly and severely for those acts and omissions described fully below.

BIVENS COMPLAINT

### III. JURISDICTION AND VENUE

7. Jurisdiction is asserted pursuant to the United States Constitution and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), to redress the deprivation of those rights secured by the United States Constitution, deprived by persons acting under the color of federal law. The Court has jurisdiction over these matters pursuant to 28 U.S.C. 1331, 1343.

8. The United States District Court for the Middle District Of Pennsylvania, is appropriate venue for trial pursuant to 28 U.S.C 1391(b)(2), the County of Lycoming is where the events complained of have occurred.

### IV. PREVIOUS LAWSUITS

9. On December 5, 2022 Plaintiff filed a complaint for a violation of Civil Right on a set form provided by the prison library. Plaintiff is filling this Amended Complaint in support of his original filing.

### V. STATEMENT OF FACTS

10. On February 20, 2021, on or about 9.40 am Plaintiff with several other inmates from Lycoming Unit was sent to ALF LSCI visiting room for a visit. The officer who sent Plaintiff and other inmates informed them that they are on a out count and the 10 o'clock stand up count will be conducted in the visiting room.

11. As per ALF LSCI COVID-19 protocol Plaintiff's visit for February 20, 2021 was scheduled a week earlier. The visit starts at 11.00 am and ends at 12.30 pm.

12. February 20, 2021 was a very cold, chilly and a very windy day. The temperature with the wind chill factor was approximately 10 to 15 degree Fahrenheit with the wind blowing from west to east (higher elevation to a lower elevation). The visiting room inmate entrance does not have any barrier or wall to block the wind.

13. Upon arriving at the visiting room, one of the inmate knocked the visiting room door, the visiting room officer came outside and told the Plaintiff and other inmate to wait.

BIVENS COMPLAINT

14. After waiting for about ten minutes, Plaintiff knocked the visiting room door and the same officer came outside and told Plaintiff and other inmates that they have to stand outside for the 10 o'clock count.

15. Plaintiff and the other inmates informed the officer that they are extremely cold and that they were told by the Unit Officer that that the 10 o'clock count will take place in the visiting room and since it is very cold and the wind is extremely vicious, would it be possible to relocate Plaintiff and the other inmates to another location.

16. The officer said No, and continued to state, "the visiting room is empty but I have been instructed by my superiors that you all have to do the count outside the visiting room and I am unable to bring anyone into the visiting room until we are ready for the visit.

17. The 10'o'clock count came and went. The Plaintiff and all the other inmates continued to stand outside in the cold, chilly, and windy weather.

18. Unable to continue to bare the harsh temperature, the Plaintiff and other inmates decided to move to an alley way (corridor entrance) next to the visiting room to avoid the strong wind.

19. When Lt. Wolfe saw the Plaintiff and the inmates moved to the alley way, he came outside from his warm office and told Plaintiff and other inmates to get away from the alley way (corridor entrance) and to stand in front of the visiting room.

20. Plaintiff and other inmates complained to Lt. Wolfe, that they are freezing and the temperature is not conducive to their health, their fingers, toe and face are numb and they need to be in an indoor location.

21. Lt. Wolfe told Plaintiff and other inmates that he is not moving them to any indoor location. They are going to stand there till count is cleared.

22. Plaintiff and other inmates protested.

23. Few minutes later the visiting room officer came outside, acknowledge how cold, chilly and windy it was and expressed, it was out of his hand, he is unable to go against the direct order of his superior.

BIVENS COMPLAINT

24. Plaintiff and other inmates again petitioned and pleaded to Lt. Wolfe to remove them from the harsh weather condition and bring them indoor.

25. Lt. Wolfe replied "this is how we doing it today" and walked away to his warm office.

26. Repeated plea to Lt. Wolfe was ignored and went without any remedy.

27. Petitioner and other inmates stood outside the visiting room till about 11.30am in a cold, chilly and very windy condition. For almost two hours Petitioner and other inmates endured cruel punishment without receiving any remedy from repeated request.

## VI.   EXHAUSTION OF ADMINISTRATIVE REMEDY

28. Plaintiff has timely exhausted all available administrative remedy prior to filing this complaint.

## VII.   CAUSE OF ACTION

29. Defendants Warden Thompson, Lt. Wolfe, and Lt. Hartman, were aware of Plaintiff's serious circumstances, being held in a cold, chilly and windy environment with wind factor temperature recorded at 10 to 15 degree Fahrenheit for almost two hours were a threat to his health and safety, but were deliberately indifferent to Plaintiff's need by persisting in an ineffective course of policy which was outside the limits of professional standards. The defendants' deliberate indifferent to Plaintiff's serious circumstances caused unnecessary pain and suffering, in violation of the Constitutional Eight Amendment prohibition against cruel and unusual punishment, and equal protection of the law under the Fourteenth Amendment.

BIVENS COMPLAINT

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter an order:

30. Issuing declaratory relief, declaring that the acts and omissions of the defendants have violated Plaintiff's right, and stating the defendants' duties with respect to those rights.

31. Awarding Plaintiff compensatory damages for the unnecessary physical and mental suffering. a threat to his health and safety, and consequential pain and suffering, in an amount as yet to be deduced from the evidence, but in no event in an amount less than $999,999; and

32. Any other relief this Court may deem just and proper

33. Trial by jury is hereby demanded on all claims alleged herein, and the parties are hereby given notice, pursuant to Fed. R. Civ. P. 38(a)-(c).

Respectfully submitted this 25th day of May, 2023

Abdullah Mattocks #/23230-016
Federal Correctional Institution
Allenwood Low
P.O. Box 1000
White Deer, Pa. 17787

CIVIL RIGHTS COMPLAINT (1983)

