UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

ABDULLAH MATTOCKS, :
:
Plaintiff : CIVIL ACTION NO. 3:22-1951
:
v. : (JUDGE MANNION)
:
BUREAU OF PRISONS, *et al.*, :
:
Defendants :

### MEMORANDUM

Presently before the court in this prisoner civil rights case are defendants' motion to dismiss, plaintiff's motion for leave to file a third amended complaint, and defendants' motion to stay discovery. For the reasons set forth below, the motion to dismiss will be granted, plaintiff's *Bivens* claim will be dismissed with prejudice, plaintiff's claim pursuant to the Federal Tort Claims Act ("FTCA") will be dismissed without prejudice, plaintiff's motion for leave to file a third amended complaint will be denied because the proposed third amended complaint suffers from the same pleading defects as the currently operative complaint, defendants' motion to stay discovery will be denied as moot, and plaintiff will be granted leave to file a third amended complaint limited to his FTCA claim.

I.   **BACKGROUND**

Plaintiff, Abdullah Mattocks, who has been incarcerated in Allenwood Low Security Correctional Institution ("LSCI-Allenwood") at all relevant times, filed this case on December 8, 2022. (Doc. 1). After the court granted two motions for leave to amend, the case is currently proceeding on plaintiff's second amended complaint, which asserts civil rights claims pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (Doc. 26).

According to the allegations in the second amended complaint, Mattocks and several other inmates were escorted outside of LSCI-Allenwood's visitation room for visits on February 20, 2021, at approximately 9:40 a.m. (*Id.* ¶10). The temperature that day was purportedly between 10 and 15 degrees Fahrenheit, with high winds throughout the day. (*Id.* ¶12). Upon their arrival, one of the inmates knocked on the door. (*Id.* ¶13). An unnamed officer opened the door and told the inmates that they would need to wait outside. (*Id.*) Approximately ten minutes later, the inmates knocked on the door again and the officer told them they would need to wait outside until prison officials completed the 10:00 a.m. count. (*Id.* ¶14). Mattocks and the other inmates told the officer that they were very cold and asked if they could come inside. (*Id.* ¶15). The officer told the inmates that the visiting

2

room was empty but that his supervisors had nonetheless instructed him to keep the inmates outside. (*Id.* ¶16).

The 10:00 a.m. count was subsequently completed, but the officer continued to not let the inmates inside. (*Id.* ¶17). At that point, Mattocks and the other inmates moved to a nearby alley so that they would be more sheltered from the wind. (*Id.* ¶18). Defendant Wolfe, a lieutenant in the prison, came out of his office and told the inmates to leave the alley and return to the area outside the visiting room. (*Id.* ¶19). Wolfe told the inmates they would not be allowed inside at that time. (*Id.* ¶21). When they returned to the area outside the visiting room, the officer from the visiting room came outside and acknowledged how cold it was, but again stated that he could not let them inside because he had direct orders not to do so. (*Id.* ¶23). The inmates asked Wolfe to let them inside, but he purportedly responded, "this is how we doing it today." (*Id.* ¶¶ 24-25). Mattocks and the other inmates were eventually let inside at 11:30 a.m., after approximately two hours outside in the cold. (*Id.* ¶27).

The second amended complaint asserts a *Bivens* claim for deliberate indifference in violation of the Eighth Amendment against Wolfe, two other supervisory officials, and LSCI-Allenwood. (*Id.* ¶ 29). The second amended

complaint does not specifically advance a claim pursuant to the FTCA, though Mattocks's earlier complaints did so.

Defendants moved to dismiss the second amended complaint on March 12, 2024. (Doc. 26). Defendants argue that (1) the second amended complaint does not present a cognizable *Bivens* claim; (2) the second amended complaint fails to allege the defendants' personal involvement; (3) that the BOP and LSCI-Allenwood are not appropriate defendants to a *Bivens* claim; and (4) that the court lacks subject matter jurisdiction to the extent the second amended complaint attempts to assert an FTCA claim pursuant to the FTCA's discretionary function exception. (Doc. 31). Defendants moved to stay discovery on April 5, 2024. (Doc. 29). Mattocks has not directly responded to either motion, but on April 25, 2024, he moved for leave to file a third amended complaint that would, *inter alia*, explicitly plead FTCA claims. (Doc. 32). The motion to dismiss, motion to stay discovery, and motion for leave to amend are ripe for the court's review.

**II.    STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief may be granted." Under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and

4

determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009 (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim, Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Twombly*, 550 U.S. at 556). "[L]abels and conclusions" are not enough, *Twombly*, 550 U.S. at 555, and a court "is not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

In resolving a motion to dismiss, the court thus conducts "a two-part analysis." *Fowler*, 578 F.3d at 210. First, the court separates the factual elements from the legal elements and disregards the legal conclusions. *Id.* at 210-11. Second, the court determines "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Id.* at 211 (quotations omitted).

Courts must liberally construe complaints brought by *pro se* litigants. *Sause v. Bauer*, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

III. DISCUSSION

A. Bivens Claim

Mattocks's civil rights claim is brought pursuant to *Bivens*, which recognizes an implied damages remedy for civil rights violations committed by federal officials. Prior to 2017, *Bivens* claims were recognized in numerous contexts. In a series of cases beginning with *Ziglar v. Abbasi*, 582 U.S. 120 (2017), however, the Supreme Court has significantly limited the circumstances under which a *Bivens* claim may proceed. Under *Ziglar* and its progeny, courts considering a *Bivens* claim must first determine whether the claim presents a "new context," in other words, whether it differs "in a meaningful way" from the three cases in which the Supreme Court has explicitly recognized a *Bivens* remedy in the past—*Bivens*, 403 U.S. at 397, *Davis v. Passman*, 442 U.S. 228, 248-49 (1979), and *Carlson v. Green*, 446 U.S. 14, 18-23 (1980). *Ziglar*, 582 U.S. at 138-39.

If the case presents a new context, the court must determine whether any "special factors" counsel against extending a *Bivens* remedy to that context. *Hernandez v. Mesa*, 589 U.S. 93, 102 (2020). To conduct this analysis, the court must determine whether "the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed." *Egbert v. Boule*, 596 U.S. 482, 492 (2022) (quoting *Abbasi*, 582 U.S. at 136). If a court concludes that "even a single reason" exists to pause "before applying *Bivens* in a new context," then special factors counseling hesitation exist and a *Bivens* remedy does not lie. *Id.* (quoting *Hernandez*, 589 U.S. at 102) (internal quotation marks omitted). If there is "*any* rational reason (even one) to think that *Congress* is better suited" to determine the propriety of a cause of action, then a *Bivens* action cannot proceed. *Id.* at 496. The court must broadly inquire whether "there is any reason to think that 'judicial intrusion' into a given field might be 'harmful' or 'inappropriate'"—and if the answer is "yes," or even *potentially* yes, the plaintiff cannot recover under *Bivens*. *Id.*

Until very recently, the United States Court of Appeals for the Third Circuit allowed plaintiffs to additionally file *Bivens* claims alleging that prison officials were deliberately indifferent to the risk that they would be assaulted by other inmates. *See Bistrian v. Levi*, 912 F.3d 79 (3d Cir. 2018), *abrogated*

by *Egbert*, 596 U.S. at 492, *as recognized in Fisher v. Hollingsworth*, 115 F.4th 197, 203-06 (3d Cir. 2024); *Shorter v. United States*, 12 F.4th 366, 372-73 (3d Cir. 2021), *abrogated by Egbert*, 596 U.S. at 492, *as recognized in Fisher*, 115 F.4th at 203-06. In *Fisher*, however, the Third Circuit recognized that the Supreme Court's decision in *Egbert* abrogates the contrary holdings in *Bistrian* and *Shorter*. *Fisher*, 115 F.4th at 203-06. *Fisher* holds that "unless a case is indistinguishable from *Bivens*, *Davis*, or *Carlson*," the court may not allow the plaintiff to bring a *Bivens* damages claim, and claims alleging deliberate indifference to a risk of assault by another inmate are no longer cognizable *Bivens* claims. *Id.* at 205.

Thus, under *Ziglar* and its progeny, a court considering whether a *Bivens* claim presents a new context for *Bivens* liability must determine whether the claim is "indistinguishable" from the contexts recognized in *Bivens*, *Davis*, and *Carlson*: that is, "a cause of action against federal drug agents whose warrantless search of a home violated the Fourth Amendment" (*Bivens*), "a Fifth Amendment damages action against a Congressman who fired a staffer because she was a woman" (*Davis*), or "an Eighth Amendment damages action against federal prison officials who failed to provide medical care to an asthmatic prisoner" (*Carlson*). *Fisher*, 115 F.4th at 203, 205.

The court finds that the *Bivens* claim in the instant case is distinguishable from *Bivens*, *Davis*, and *Carlson*. Mattocks seeks to bring a *Bivens* claim alleging that defendants were deliberately indifferent to a risk of harm to him when they compelled him to remain outside in very cold weather. The only *Bivens* claim that is potentially relevant to this claim is the Eighth Amendment deliberate indifference to a serious medical need claim recognized in *Carlson*. As a panel of the Third Circuit has recognized, however, claims like the instant one alleging deliberate indifference to harm caused by exposure to cold temperatures present a meaningfully different context from the medical care claim at issue in *Carlson*. *See Mammana v. Barben*, 856 F. App'x 411, 414 (3d Cir. 2021) ("Mammana challenged 'his confinement in a chilled room with constant lighting, no bedding, and only paper-like clothing.' All of which 'bear little resemblance to a claim against prison officials for failure to treat an inmate's asthma." (internal citations and alterations omitted)).

Having determined that Mattocks's claim presents a new context for *Bivens* liability, the court must determine whether any "special factors" counsel against extending a *Bivens* remedy to that context. *Hernandez*, 589 U.S. at 102. The Third Circuit's decision in *Fisher* compels this court to conclude that such special factors are present. *Fisher*, 115 F.4th 208. *Fisher*

holds that the BOP's administrative remedy program is an alternative remedial structure available to inmates that precludes extension of a *Bivens* claim to a new context. Thus, because the administrative remedy program is available to Mattocks, his *Bivens* claim cannot be extended to this new context and the claim will be dismissed with prejudice.

### B. FTCA Claim

The court additionally finds that Mattocks's second amended complaint fails to state a claim upon which relief may be granted to the extent it can be liberally construed as advancing a tort claim against the United States under the FTCA.[1] The FTCA "provides a mechanism for bringing a state law tort action against the federal government in federal court." *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 362 (3d Cir. 2001). Before asserting an FTCA claim in federal court a plaintiff must first exhaust administrative remedies. 28 U.S.C. § 2675(a); *Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015). Exhaustion of administrative remedies under the FTCA is jurisdictional and cannot be waived. *Id.* at 569. FTCA claims must be dismissed for lack of jurisdiction when the plaintiff has failed to allege

---

[1] The United States is the only proper defendant in an action under the FTCA. *See, e.g., Priovolos v. FBI*, 632 F. App'x 58, 60 (3d Cir. 2015) (citing *CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008)).

exhaustion of administrative remedies. *See, e.g., Geiger v. United States*, No. 3:22-CV-1079, 2023 WL 3136405, at *4 (M.D. Pa. Apr. 27, 2023); *Gomez v. United States*, No. 1:14-CV-1176, 2016 WL 826899, at *3 (M.D. Pa. Mar. 3, 2016); 35A Am. Jur. 2d *Federal Tort Claims Act* § 209, Westlaw (database updated Oct. 2024).

Mattocks's second amended complaint is completely devoid of any allegations as to whether he exhausted administrative remedies. Absent such allegations, the court must dismiss his complaint for lack of subject matter jurisdiction to the extent it attempts to assert an FTCA claim.

### C. Leave to Amend

Having determined that Mattocks's second amended complaint is subject to dismissal, the court will deny Mattocks's motion for leave to file a third amended complaint because the proposed third amended complaint suffers from the same pleading defects as the second amended complaint in that it states a non-cognizable *Bivens* claim and does not allege whether Mattocks exhausted administrative remedies other than the conclusory and unsupported assertion that Mattocks "has exhausted his administrative remedies." (Doc. 32-1 ¶ 12).

The court will, however, permit plaintiff to file a third amended complaint separately and independently from the proposed third amended

complaint attached to his motion for leave to amend in order to cure the defects identified with respect to his FTCA claim. Before dismissing a complaint for failure to state a claim upon which relief may be granted, a district court should permit a curative amendment unless the amendment would be inequitable or futile. *Phillips*, 515 F.3d at 245. Here, leave to amend Mattocks's *Bivens* claim would be futile because it presents a new context from *Bivens*, *Davis*, and *Carlson* and special factors preclude this court from extending the *Bivens* remedy to this new context. It does not appear, however, that amendment of the FTCA claim would necessarily be inequitable or futile. Thus, the court will grant Mattocks leave to file a third amended complaint that advances an FTCA claim and includes allegations as to whether and how Mattocks exhausted administrative remedies before filing the claim. *See* 35A Am. Jur. 2d *Federal Tort Claims Act* § 209 (noting that plaintiff should be granted leave to amend before an FTCA claim is dismissed for failure to exhaust administrative remedies).

### D. Motion to Stay Discovery

Finally, the court will deny defendants' motion to stay discovery as moot. The motion seeks to stay discovery pending the resolution of defendants' motion to dismiss. Because the court has now resolved the motion to dismiss, the motion to stay discovery is moot. This ruling is without

12

prejudice to defendants' right to file a renewed motion to stay discovery in the event plaintiff files a third amended complaint or otherwise proceeds with this action.

## IV. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is granted, plaintiff's *Bivens* claim is dismissed with prejudice, plaintiff's FTCA claim is dismissed without prejudice, plaintiff's motion for leave to file a third amended complaint is denied, defendants' motion to stay discovery is denied as moot, and plaintiff is granted leave to file a third amended complaint limited to his FTCA claim. An appropriate order shall issue.

Malachy E. Mannion
United States District Judge

Dated: 12/17/24
22-1951-01