IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ABDULLAH MATTOCKS,** | : | CIVIL ACTION NO. 3:22-CV-1951 |
| | : | |
| Plaintiff | : | (Judge Neary) |
| | : | |
| v. | : | |
| | : | |
| **BUREAU OF PRISONS,** *et al.*, | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

This is a civil action filed pursuant to the Federal Tort Claims Act ("FTCA"). Defendants have filed a motion to dismiss. The motion will be granted, and this case will be dismissed with prejudice.

**I.     Factual Background & Procedural History**

Mattocks filed this case on December 8, 2022, asserting civil rights claims pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), and tort claims pursuant to the FTCA. (Doc. 1). The case was initially assigned to United States District Judge Malachy E. Mannion. After plaintiff twice amended his complaint, Judge Mannion dismissed Mattocks's <u>Bivens</u> claims with prejudice for failure to state a claim upon which relief may be granted, dismissed his FTCA claims without prejudice for lack of jurisdiction due to Mattocks's failure to allege that he exhausted administrative remedies, and granted Mattocks leave to file a third amended complaint limited to his FTCA claims. (Docs. 33-34). The case was reassigned to the undersigned on January 21, 2025. Mattocks filed a motion for leave to amend along with a proposed amended complaint on

January 10, 2025, which the court received and docketed on January 23, 2025. (Docs. 35-36). Because the proposed amended complaint was timely filed in accordance with Judge Mannion's memorandum and order, the court will grant the motion for leave to amend and accept the third amended complaint as properly filed.

According to the allegations in the third amended complaint, Mattocks and several other inmates were escorted outside of LSCI-Allenwood's visitation room for visits on February 20, 2021, at approximately 9:40 a.m. (Doc. 36 ¶ 17). Mattocks was wearing "minimal clothing" because inmates going to the visitation room are required to wear a "visiting room jumper." (Id. ¶ 18). The temperature that day was purportedly between 10 and 15 degrees Fahrenheit, with high winds throughout the day. (Id. ¶ 20). Upon their arrival, one of the inmates knocked on the door. (Id. ¶ 21). An unnamed officer opened the door and told the inmates that they would need to wait outside. (Id.) Approximately ten minutes later, the inmates knocked on the door again and the officer told them they would need to wait outside until prison officials completed the 10:00 a.m. count. (Id. ¶ 22). Mattocks and the other inmates told the officer that they were very cold and asked if they could come inside. (Id. ¶ 23). The officer told the inmates that the visiting room was empty but that his supervisors had nonetheless instructed him to keep the inmates outside. (Id. ¶ 24).

The 10:00 a.m. count was subsequently completed, but the officer continued to not let the inmates inside. (Id. ¶ 25). At that point, Mattocks and the other inmates moved to a nearby alley so that they would be more sheltered from the wind. (Id. ¶ 26). Defendant Wolfe, a lieutenant in the prison, came out of his office and told the inmates to leave the alley and return to the area outside the visiting

room. (Id. ¶ 27). Wolfe told the inmates they would not be allowed inside at that time. (Id. ¶ 29). When they returned to the area outside the visiting room, the officer from the visiting room came outside and acknowledged how cold it was, but again stated that he could not let them inside because he had direct orders not to do so. (Id. ¶ 31). The inmates asked Wolfe to let them inside, but he purportedly responded, "this is how we doing it today." (Id. ¶¶ 32-33). Mattocks and the other inmates were eventually let inside at 11:30 a.m., after approximately two hours outside in the cold. (Id. ¶ 35). After the lengthy exposure to the cold, Mattocks was given a "cursory medical evaluation" but no subsequent treatment. (Id. ¶¶ 36-37). The third amended complaint does not allege that Mattocks suffered any physical injuries as a result of the exposure to the cold, but notes several injuries that can theoretically be caused by an individual's exposure to the cold. (Id. ¶¶ 38-40).

The third amended complaint asserts a Bivens claim for deliberate indifference to a risk of harm and FTCA claims for negligence, intentional infliction of emotional distress, and medical monitoring. (Id. ¶¶ 41-87). Mattocks seeks damages. (Id. ¶¶ 88).

Defendants moved to dismiss the third amended complaint on February 26, 2025. (Docs. 37-38). Defendants argue that the Bivens claim should be dismissed because Judge Mannion dismissed the claim with prejudice and did not grant Mattocks leave to amend the claim. (Doc. 38). Defendants argue that the FTCA claims should be dismissed for lack of subject matter jurisdiction under the discretionary function exception to the FTCA, or, alternatively, that they should be dismissed for failure to state a claim upon which relief may be granted. (Id.)

3

Mattocks has not responded to the motion to dismiss, and the deadline for doing so has expired under the Local Rules. The motion is accordingly ripe for review.

## II.     Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v.

Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556). A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants. Sause v. Bauer, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### III. Discussion

#### A. Motion to Dismiss

At the outset, defendants are correct that Mattocks's Bivens claim should be dismissed with prejudice. Judge Mannion's December 17, 2024, decision unambiguously dismissed the Bivens claim with prejudice and did not grant Mattocks leave to amend the claim. (See Doc. 33 at 6-10, 12-13). Judge Mannion's ruling is law of the case that will not be disturbed.

5

Turning to Mattocks's FTCA claims,[1] The FTCA "provides a mechanism for bringing a state law tort action against the federal government in federal court." In re Orthopedic Bone Screw Prod. Liab. Litig., 264 F.3d 344, 362 (3d Cir. 2001). Under the FTCA, the United States[2] may be held liable in tort to the same extent that a private person would be liable under state tort law. 28 U.S.C. § 1346(b)(1). The act does not create new causes of action or alter the scope of state tort law. DeMolick v. United States, 593 F. Supp. 3d 165, 169 (M.D. Pa. 2022). Thus, any FTCA claim against the United States must satisfy the elements of an existing tort under state law. See id.; 28 U.S.C. § 1346(b)(1). A prison inmate cannot bring an FTCA claim for "mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 28 U.S.C. § 1346(b)(2).

Mattocks's medical monitoring claim is plainly meritless. A medical monitoring tort claim under Pennsylvania law allows a plaintiff "to recover only the quantifiable costs of periodic medical examinations necessary to detect the onset of physical harm" caused by exposure to a hazardous substance. Almond v. Janssen Pharms., Inc., 337 F.R.D. 90, 95 (E.D. Pa. Nov. 6, 2020) (quoting In re Paoli R.R. Yard PCB Litig., 916 F.2d 829, 850 (3d Cir. 1990)). To prevail on a medical monitoring claim, the plaintiff must show: "(1) exposure greater than normal background levels; (2) to a proven hazardous substance; (3) caused by the

---

[1] The court does not consider defendants' argument based on the discretionary function exception because Mattocks's complaint plainly fails to state an FTCA claim upon which relief may be granted.

[2] The United States is the only proper defendant to an FTCA claim. See CNA v. United States, 535 F.3d 132, 138 n.2 (3d Cir. 2008).

defendant's negligence; (4) as a proximate result of the exposure, plaintiff has a significantly increased risk of contracting a serious latent disease; (5) a monitoring procedure exists that makes the early detection of the disease possible; (6) the prescribed monitoring regime is different from that normally recommended in the absence of the exposure; and (7) the prescribed monitoring regime is reasonably necessary according to contemporary scientific principles." Id. (quoting Redland Soccer Club, Inc. v. Dep't of the Army & Dep't of Defense of the U.S., 696 A.2d 137, 145-46 (Pa. 1997)). Here, there is no allegation that Mattocks was exposed to a hazardous substance, and his claim for medical monitoring accordingly fails to state a claim.

Mattocks's negligence and intentional infliction of emotional distress claims also fail to state a claim because Mattocks does not allege that he has suffered any physical injury. Rather, he simply asserts a number of physical injuries that an individual *could* suffer as a result of exposure to cold temperatures. See Doc. 36 ¶¶ 38-40). There is no allegation that Mattocks suffered any of these injuries during the period of approximately two hours when he was exposed to cold temperatures. This failure to allege a physical injury dooms his FTCA claims. See 28 U.S.C. § 1346(b)(2).

The absence of a physical injury also precludes Mattocks from stating a claim based on the elements of negligence or intentional infliction of emotional distress under Pennsylvania law. To establish a claim for negligence, a plaintiff must prove: (1) the defendant owed him a duty of care; (2) the defendant breached the duty; (3) the defendant's breach was a proximate cause of the plaintiff's injuries; and (4) the plaintiff suffered actual loss or damage as a result. Brewington v. *ex rel.* Brewington

7

v. City of Philadelphia, 199 A.3d 348, 355 (Pa. 2018). To establish a claim for intentional infliction of emotional distress, a plaintiff must establish that: (1) the defendant engaged in extreme or outrageous conduct; (2) the conduct was intentional or reckless; (3) the plaintiff suffered emotional distress; and (4) the emotional distress is severe. Jordan v. PSU, 276 A.3d 751, 775 (Pa. Super. Ct. 2022). To recover for this claim, the plaintiff's emotional distress must cause physical symptoms or injuries. Armstrong v. Paoli Mem. Hosp., 633 A.2d 605, 608 (Pa. Super. Ct. 1993); Johnson v. Caparelli, 625 A.2d 668, 671 (Pa. Super. Ct. 1993). Thus, Mattocks's failure to allege any physical injury or harm as a result of his exposure to cold temperatures means that he cannot recover for negligence or intentional infliction of emotional distress under Pennsylvania law.

### B. Leave to Amend

Before dismissing a complaint for failure to state a claim, district courts should generally permit a curative amendment unless the amendment would be inequitable or futile. Phillips, 515 F.3d at 245. Leave to amend will be denied as futile in this case. Mattocks has had multiple opportunities to state a claim upon which relief may be granted and has failed to do so.

### IV. Conclusion

The motion to dismiss is granted and this case is dismissed with prejudice. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:     July 14, 2025

8